## 11979

### CANNON v. CANNON ET AL.

#### (133 S. E., 556)

1. EQUITY.—Court of Chancery has jurisdiction to sell and convey an infant's estate.

2. INFANTS.—Before Court of Equity will order sale of infant's estate, it must appear necessary and to best interest of infant.

3. INFANTS.—Although deed granting remainder to children limited exercise of power of sale to circumstances of necessity, sale may be ordered, where necessity or expediency exists, greatly for benefit of infants.

#### ON PETITION FOR REHEARING

4. INFANTS.—Where grantor, after conveying life estate to wife with remainder to children, requested reconveyance, in which wife concurred, Court of Equity on decreeing sale will require grantor to deposit in trust a sum equal to value of such property for benefit of children.

Before MAULDIN and BONHAM, JJ., York, 1925. Judgment modified, and case remanded.

Action by Ashlyn L. Cannon against J. W. Cannon and others. Judgment for plaintiff, and defendants appeal.

*Mr. W. G. Finley,* for appellants, cite: *Intention of deed must be gathered from words used:* 24 S. C., 228. *Court may order sale of infants' lands in case of necessity only:* 115 S. C., 10.

*Mr. Jno. R. Hart,* for respondent, cites: *Necessity defined:* 21 A. & E. Enc. of Law, 448. *When Court may order sale of infants' lands:* 115 S. C., 10.

May 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action to authorize the sale of a certain house and lot in the city of York, which was conveyed by J. Ross Cannon to his wife, the plaintiff herein, during the term of her natural life or widowhood, with remainder in fee to the children born of the marriage of said parties, and the investment of the value of the remainders, as a trust fund for the benefit of the two living children, and of such as may hereafter be born.

The granting·clause of the deed, dated in September, 1921, is as follows:

"To Ashlyn L. Cannon for and during her natural life, or, should I predecease her, then so long as she may remain a widow, and at and immdeiately upon her death or remarriage, then to the children born of our marriage, and should any child born to our marriage predecease the said Ashlyn L. Cannon, or die before her remarriage, leaving children surviving such child, then these children to take the share their parent would have been entitled to, had such parent been living at the time of the death or remarriage of the said Ashlyn L. Cannon.

"Provided, however, should the necessity ever arise, the said Ashlyn L. Cannon may sell, convey, and make a good title to the above-described premises, subject to the approval of the Court of Common Pleas for York County, and reinvest the funds derived from said sale, by and with the approval of said Court, and subject to the conditions hereinabove recited."

J. Ross Cannon, the grantor, husband and father of the parties hereto, desiring to erect a costly residence upon the lot covered by said deed, in place of the old one torn down, naturally preferred that the title to the lot be vested in him by a reconveyance under the proviso above quoted, from the life tenant, his wife, the plaintiff. He acquired her life

estate by a conveyance, and then this action was instituted by Mrs. Cannon against her two children, J. W. Cannon, III, and Ashlyn Cannon, II, to obtain the sanction of the Court, as above provided, alleging that it would be to the interest of the children, minors aged respectively six and five, that that course be pursued. The infants answered by guardian *ad litem,* who submitted their rights and interests to the protection of the Court.

The matter was referred to Colonel W. W. Lewis, Referee, who took testimony, and found, as mattar of fact, that $10,000 was the full and fair value of said premises; that, in the event of the death of Mr. Cannon and Mrs. Cannon, or the remarriage of the latter, the owning of said premises could not prove a profitable investment for the children, as its rental value in the town of York was so small that, after the payment of the taxes, insurance, and upkeep of the premises, there would be very little, if anything, left as a net income to the children; and recommended that, upon J. Ross Cannon paying the sum of $5,000 to be set aside as a trust fund and invested for the children now living (Ashlyn L. Cannon admitting that she had been fully compensated for her estate in said premises), the Clerk of Court make a deed conveying any interest, present or future, that the said Ashlyn L. Cannon or that the said minor children might have in the said premises as remaindermen or as life tenants.

Upon exceptions to this report, the same was confirmed by his Honor, Judge Mauldin, except as to the sum of money to be set aside as a trust fund for the benefit of the children. This he fixed at $3,000 instead of $5,000 as fixed by the Referee. By a supplemental decree of his Honor, Judge Bonham, the interests of after-born children were taken care of.

It developed in the evidence, and it was so found by the Referee and by the decree of his Honor, Judge Mauldin, that both Mr. and Mrs. Cannon are under 35 years of age, in perfect health, with expectancies of many years; that Mr.

Cannon has ample means to maintain and educate the children; that $3,000 invested now would yield more than $10,-000, the present value of the property, before the children could come into their estates; and that Mrs. Cannon had recently taken out insurance upon her life for benefit of the children in the sum of $100,000.

It appears that, in pursuance of the decrees, Mr. Cannon has deposited with a trustee, for the benefit of the children, $3,000, and that the Clerk of Court has made a deed conveying to him all of the interests of Mrs. Cannon and the children, and that Mr. Cannon is now (then) erecting on the lot a very costly residence.

The "Case" contains this statement:

"It is admitted, as a fact, that it is for the best interests of said children that the decrees of Judge ·Mauldin and Judge Bonham be carried out."

The guardian *ad litem* has appealed from the decrees upon the grounds: (1) That no necessity exists for the proposed sale; (2) that it is not for the best interests of the children that it be made; (3) that the trust fund is not adequate.

We think that it is unfortunate that the Court has broken away from the firmly established rule adopted by the English Courts years, perhaps centuries, ago, that a Court of Equity has no inherent jurisdiction, independently of statute, to authorize a sale of the real property of an infant under any circumstances; but, as remarked by Chancellor Harper, one of the greatest chancellors, in the case of *Bulow v. Buckner*, Rich. Eq. Cas., 401:

"The jurisdiction of chancery to sell and convey an infant's estate, however questionable it may have been when first exercised, is now too firmly established to be shaken. It has been familiarly exercised ever since a Court of Chancery has existed· in this State, and very many titles now depend upon it."

See, also, *Clifford v. Clifford,* 1 Desaus., 115. *Huger v. Huger,* 3 Desaus., 18. *Stapleton v. Langstaff,* 3 Desaus.,

22.   *Bofil v. Fisher,* 3 Rich. Eq., 1; 55 Am. Dec., 627. *Bulow v. Witte,* 3 S. C., 308. *Cagle v. Schaefer,* 115 S. C., 35; 104 S. E., 321.

In the case of *Bulow v. Buckner,* Rich. Eq. Cas., 401, Chancellor Harper stressed the duty of great care thus:

"Still, however, it ought to be exercised with the utmost caution, and the Court ought to be most fully satisfied of its necessity or expediency to an infant's interests before it will order a sale of his land. * * * It must be satisfied that a certain advantage will be gained, or a serious injury suffered, before its interference can be warranted."

In view of this condition of the law, and especially of the very forceful observations of Mr. Justice Hydrick and of the late Mr. Justice Fraser in the cases of *Cagle v. Schaefer,* 115 S. C., 35; 104 S. E., 321, and *Fairey v. Strange,* 115 S. C., 10; 104 S. E., 325, we think that it should most plainly appear that both the necessity and the interest of the infant exist.

In this case the proviso in the deed apparently limits the exercise of the power of sale to circumstances of "necessity." Strictly construed, it does not appear that a "necessity" has arisen. The grantor appears to be in affluent circumstances, able thoroughly to meet all the necessities, and even luxuries, of his children. But we are not disposed to apply so strict a construction. Under the *Bulow Case* the sale may be ordered where a necessity or expediency exists, greatly for the benfit of the infants. In *Cagle v. Schaefer,* 115 S. C., 35; 104 S. E., 321, the Court says:

"The necessity need not be absolute. A reasonable necessity is sufficient."

In 21 A. & E. Enc. L., 448, it is said:

"In its strictest and most accurate sense, it is used to express that which is indispensable to the accomplishment of a purpose, but in ordinary use it has a less strict meaning, and has frequently been held to be equivalent to reasonably convenient as distinguished from indispensable."

While it is admitted in the "Case" that the proposition is to the best interests of the children, the appellant has made this one of the grounds of exception. Notwithstanding this admission, however, we would not approve the sale unless we fully concurred with the decree and report.

All of the circumstances detailed in the report of the Referee point to the conclusion reached by him that it is to the interest of the children that the sale be confirmed, and we propose to make that assurance doubly sure.

This proceeding in reality was instituted more in the interest of the grantor, Mr. Cannon, than of the children. He wishes to get back the title to the lot in order that the new residence will be upon property to which he has the title. The interests of the children are not particularly involved. If his wishes in the matter are to be granted, the proposed arrangement must be beyond question to the interest of the remaindermen.

We agree with the Referee that the trust fund should be at least $5,000, and, in view of the statement that Mrs. Cannon is carrying insurance to the extent of $100,000 for the benefit of the children, she should be required to give a bond in a reliable guaranty company, in the sum of $10,000, to keep this insurance active for the benefit of the defendants and after-born children as long as she may live. A further consideration moving the Court to this requirement is that, unless the title to the lot is confirmed in J. Ross Cannon, the improvements upon the lot made by him would inure to the benefit of the remaindermen at the falling in of the life estate.

The judgment of this Court is that the judgment of the Circuit Court be modified as herein indicated, and that the case be remanded to that Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.

### ON PETITION FOR REHEARING

PER CURIAM. It is ordered that the judgment of the Court, as per opinion filed May 11, 1926, be modified in the following particular:

(1) Strike out the last paragraph of the opinion immediately preceding the judgment beginning with the words, "We agree" and ending with the word "estate," and insert in lieu thereof the following:

"For the full protection of the remaindermen, let J. Ross Cannon deposit with a trustee to be appointed by the Circuit Court securities of the value of $10,000, the value of which shall be approved by the Judge of the Probate Court of York County; said securities representing the full present value of the real estate in quetsion to be delivered to the remaindermen upon the falling in of the life estate or termination of the widowhood of Mrs. Cannon, as provided for in the deed. The dividends, interests, and accruals from said securities to be paid over to J. Ross Cannon so long as the trust may continue during his lifetime, and such securities shall bear such indorsement as will prevent their sale, transfer, or assignment by the trustee during the life of such trust and until the falling in of the life estate or the termination of the widowhood of Mrs. Cannon, and such indorsement shall specifically set forth the terms and conditions upon which such securities are deposited with the trustee. Upon compliance with the foregoing directions, the title to said premises shall vest absolutely in J. Ross Cannon."

The order staying the remittitur is revoked.

MR. ACTING CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.