(69 Misc. Rep. 433.)

CAMPBELL v. HUGHES et al.

(Supreme Court, Special Term, Kings County. November, 1910.)

JUDGMENT (§ 681*)—RES JUDICATA.

> A judgment adjudging the invalidity of a will creating trusts of person-
> alty in favor of children and grandchildren of testator, and directing the
> distribution of the estate among their issue, rendered in a suit by an heir
> under Code Civ. Proc. § 2653a, authorizing a suit against all the persons
> in existence who could claim under the will, is binding on unborn persons
> who might take under the will, since the parties to the action represented
> the entire interest and estate.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1202; Dec. Dig.
> § 681.*]

Action by George D. Campbell against Anna Rose Hughes and another, infants under the age of 14 years, and others, and another as administrator of Patrick Campbell, deceased. Motion to compel purchaser in a partition sale to take title granted.

John J. McGinniss, for plaintiff.
John J. Clancy, for defendant Joseph J. Friel.

BLACKMAR, J. This is a motion to compel the purchaser under a sale in an action of partition to complete his purchase.

The action was between the heirs at law of one Patrick Campbell, deceased. Patrick Campbell left a last will and testament which was probated by the surrogate. One of his heirs brought an action under section 2653a of the Code of Civil Procedure, and obtained a judgment decreeing that such will was not the will of Patrick Campbell, which judgment was affirmed by the Appellate Division of this court. The will created certain trusts in favor of the children and grandchildren of Patrick Campbell and at the end of the term directed that the property should be distributed among their issue. These trusts were by the terms of the will trusts of personal property, and the entire residue of the estate was given to one of the sons of Patrick Campbell, who was a party to the action in partition. The purchaser at the sale objected to the title, alleging that the judgment under section 2653a of the Code did not establish the invalidity of the will as against possible unborn issue of the children and grandchildren who may take a portion of the remainder of such trust funds.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I see nothing on the face of the papers to show that these unborn issue took any interest in any real property under the will. The trusts were trusts of personal property, and it does not appear that it would have been necessary to resort to any real property ·for the purpose of creating such trusts. However that may be, I am of the opinion that the judgment rendered in the action, decreeing the invalidity of the will, was binding upon unborn persons who might have taken under the will. Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693; Tonnele v. Wetmore, 195 N. Y. 436, 88 N. E. 1068. It is true that in any judgment providing for a sale of real property in which unborn issue might possibly be interested a provision should be made for the protection of their rights; but this case seems to be like the Kent and Tonnele Cases, in that the judgment which is questioned was hostile to the interests of such infants. In the Kent Case the judgment compelled the conveyance of the legal title to the plaintiff, who held the equitable title, and in this case the judgment declared the will to be invalid. It was said in the Kent Case that, as the judgment determined that the unborn issue never could have any interest in the land, it was· unnecessary to make any provision for them. So in this case the judgment of the court was that the unborn issue never could take under the will, for the will was adjudged to be invalid. It is well settled that a judgment in any case will bind unborn persons if their rights were protected; but where, as in this case, the judgment itself sweeps away the instrument which creates their possible rights, the rule that these rights should be protected is not applicable, and the decision in the Kent Case governs. If this were not the rule, it would be impossible to successfully maintain an action to set aside a will under section 2653a of the Code so long as by any possibility under the terms of that will persons not in esse could take. All the persons in existence who could by any possibility have any claim· under the will of Patrick Campbell were made defendants, and some of them appeared and defended by guardians ad litem. The parties to this action, therefore, represented the entire interest and estate, and all persons not then in being were bound.

There is no suggestion that the action was collusive, for it was fought not only in the court below, but by appeal to the Appellate Division. The sections of the Code referred to by the purchaser are not applicable. They apply to a case where an application is made to the court to sell the interest of persons not in esse. In such a case the court preserves and protects such interests, but in the present case the very essence of the determination was that the instrument, under which it is claimed that their rights are created, had no valid existence. When, in a case like this, all persons in esse who have a complete title to the property are made parties to the action, all unborn persons and those not in esse are bound by representation.