## 10381

BURTON *ET. AL* v. BURTON *ET AL.*

(102 S. E. 282.)

1. CONVERSION—TESTAMENTARY DIRECTION TO SELL CONSTITUTES CONVER-SION PRECLUDING PARTITION BY BENEFICIARIES.—Beneficiaries of a will entitled to share in proceeds of lands directed by the testatrix to be sold cannot maintain an action for the partition of such land, for the direction to sell the lands and divide the proceeds amounted to a conversion, and the beneficiaries can only compel the executors to sell the lands and those in possession to account for the rents and profits.

2. WILLS—INSTRUMENT MUST BE CONSTRUED AS A WHOLE; EFFECT GIVEN TO ALL PARTS; CONFLICTING PROVISIONS RECONCILED.—In construing a will, it should be considered as a whole, and, if practicable, effect given to every word and clause of it, so apparently conflicting provisions should be reconciled, if that can be done by any reasonable construction.

3. WILLS—GRANDCHILDREN GIVEN BEQUEST AS FULL SHARE OF ESTATE HELD NOT ENTITLED TO SHARE IN PROCEEDS OF LANDS.—Where testatrix by item 9 of the will bequeathed to the children of her deceased son $25 each "as their full share of my estate," and by codicil directed that a son, to whom by item 2 of the will she had bequeathed a parcel of land, should be paid $50 cash "as his full share," and directed that such land be sold and the proceeds divided equally among the testatrix's other heirs named or their bodily heirs, the children named in item 9 were not entitled to share in the division of the proceeds of the land.

4. WILLS—CODICIL CONFIRMING WILL EXCEPT AS TO NAMED ITEM MAKES SUBSEQUENT ITEM THE LAST EXPRESSION OF TESTATOR.—Where a codicil confirms the will and all its provisions except as to item 2 therein, the codicil is to be treated as written into the will, and hence item 9 of the original will is to be considered as a later provision in point of position, and, therefore, governs the codicil.

Before SHIPP, J., Saluda, Fall term, 1919. Reversed.

Action for partition by Mary L. Burton and another against Claude W. Burton and others and Nannie A. Burton and another.

From a judgment for plaintiffs, defendants first named appeal.

*Mr. E. L. Asbill,* for appellant, cites: *As to the rule of construction:* 42 S. C. 345. *As to the definition of the word "heirs:"* 37 S. C. 255; 16 S. E. 122-127; 1 McMul. Eq. 206, 207; 3 Rich. Eq. 550; 21 Cyc. 418, 419; 10 Ky. L. Rep. 867, 868; 67 Pa. St. 446; 36 S. C. 38-44; 3 Rich. Eq. 156. *As to construction of a will:* 105 S. C. 13.

*Messrs. B. W. Crouch* and *C. J. Ramage,* for respondents, cite: *As to the construction of wills:* 4 DeS. Equity Reports, pp. 274 and 301 and 302; Richardson Equity Reports, vol. I, pp. 61 and 63; 1st Nott and McCord 321; 2 McCord's Chan. 260; 5 Vesey's Reports, pp. 242-246; 2 Mass. Rep. 56; 2 Mass. 208; 6 Mass. 169; 8 Mass. Rep. 3; 11 Mass. Rep. 528; 11 Johnson Rep. 201; 1st Munf. 537, 539; Blackstone (Sharswood's Ed.), p. 379 (comments by Judge Sharswood); 6 Peters, p. 84; 6 Peters 68; Coke's First Institute 112b; 12 Wendell (N. Y.) 602; 12 Cent. Rep. 397; 7 Cent. Rep. 576; 10 West. Rep. 146, 121, 111, 221; 13 N. Y. 284; 16 Abb. Pr. (N. S.) 206; 47 Iowa 607; 2 Myl. and K. 149; 6 Ves. Jr. 100; 31 U. S. 6 Pet. 68 (8 L. Ed. 322); 12 Wend. 665; 4 Iowa 180; 9 Paige 124; 4 N. Y. Ch. L. Ed. 633; 116 Jones & S. 327; 25 U. S. 12 Wheat 568 (6 L. Ed. 731); 31 U. S. 6 Pet. 68 (8 L. Ed. 322); 9 Paige 107; 4 N. Y. L. Ed. 627; 12 Wend. 602; 2 Barb. 229; 19 N. Y. 344; 47 N. Y. 512; 53 N. Y. 233; 10 Hun. 189; 52 N. Y. 12; 38 N. Y. 410; 28 N. Y. 82; 72 Iowa 601; 72 Iowa 604; 27 Am. Decisions, p. 590; 25 Amer. Reports, p. 769; 85 Va. 459; 8 S. E. 672; 2 L. R. A. Annotated 848. *As to wills—codicils—construction and effect:* American State Reports, vol. CX, p. 516; 71 S. C. 188; A. & E. Ency. of Law, vol. VI, p. 186bb; 1 Nott and McCord, p. 322; Powell on Device, p. 24, pp. 541-546, p. 199; 82 S. C. 402; 81 S. C. 282.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs brought this action for partition of a tract of land, alleging that they are seized thereof in fee as tenants in common with defendants, under the will of their grandmother, Mary S. Burton, and demanded an accounting of the rents and profits and sale of the tract for division. Defendants denied that plaintiffs have any interest in the land, and alleged that, according to the will, they are only entitled to a legacy of $25 each.

The issues arise out of the construction of the will and a codicil thereto. The will was executed in 1907 and the codicil in 1911. Testatrix declared in the preamble of her will that she made it to prevent "confusion hereafter in the division of my real estate of about 500 acres," which appears previously to have been divided into eight tracts of "about" 60 acres each. She devised these eight tracts—each by number and description—in eight consecutive items of her will, giving one tract to each of seven children and one to her husband, Joseph Burton, "during his lifetime and at his death to be sold, and proceeds to be equally divided among my children."

Item 2, which is typical in form of all the other devises to her children, reads:

"I hereby give and devise at my death to my son, Lecky M. Burton, his heirs and assigns, tract No. 2 of about 60 acres, bounded north by branch, east by lands of Mrs. Florence Padgett, south by Columbia Road, west by lands of T. D. Villard."

Item 9 reads:

"I hereby give and bequeath to Mary I. Burton, Chloe Burton, Nannie A. Burton and Benjamin Burton, children of my deceased son, Benjamin B. Burton, twenty-five dollars each, as their full share of my estate, to be paid to each when 21 years old by my executor."

"I, Mary S. Burton, freeholder of the county and State aforesaid, do hereby make and declare this to be my first codicil in which I hereby confirm this my last will herein con-

tained, excepting Item 2, in place of which I now substitute the following: In lieu of the aforesaid tract No. 2, I hereby gives and devise to my son, Lecky M. Burton, or his bodily heirs, the sum of fifty dollars, to be paid in cash to him or to his heirs at my death, as his full and just proportional part of my estate. And I further will that the said tract No. 2 shall then be sold at public outcry to the highest bidder and that the proceeds of said sale shall be divided equally among my other heirs herein named, or their bodily heirs."

The Circuit Court held that the grandchildren mentioned in item 9 (two of whom are the plaintiffs and the other two are defendants( were let into the division of the proceeds of tract No. 2 by the last sentence of the codicil, that is, that they are members of the class there described as "my other heirs herein named," and hence that they should share per capita with the other heirs named in the will. Accordingly the Court referred the other issues, presumably the accounting for the rents and profits, as that was the only other issue made by the pleadings, to the master. The defendants (except the two grandchildren) appealed.

Even if that construction could be sustained, the plaintiffs would have no cause of action for partition and account for rents and profits. No interest in the land was devised to them, or any of the parties, but testatrix directed that it be sold and the proceeds divided, which was tantamont to a conversion of the land into money; and, therefore, if plaintiffs had any cause of action at all, it was against the executors of the will (who are not parties to this action) to require them to sell the land and divide the proceeds according to the will. *Mattison v. Stone,* 90 S. C. 146, 72 S. E. 991. In such an action, the executors, or other parties who have received the rents and profits, may be required to account for them.

But we think the construction of the will was erroneous, chiefly because it gives no effect whatever to the words

found in item 9, wherein testatrix gives these grandchildren $25 each, "as their full share of my estate." By the express language of the codicil, the will, as previously written, was confirmed, except only as to item 2, and testatrix says that the subsequent provisions of the codicil are to be substituted in lieu of item 2.

Now, let us do as directed, strike out item 2 and substitute in place of it the provisions of the codicil, and we have a gift of $50 to the son Lecky, "as his full and just proportionate part of my estate," and the provision that tract No. 2 which she had previously intended to give him, be sold and the proceeds divided equally among "my other heirs herein named;" and also we have item 9 remaining just as it was before, with the gift of $25 to each of the grandchildren named "as their full share of my estate."

In construing any instrument, it must be considered as a whole, and, if practicable, effect must be given to every word and clause in it. *Shaw v. Robinson,* 42 S. C. 345, 20 S. E. 161. Hence, where there are apparently conflicting provisions, they should be reconciled, if it can be done by any reasonable construction, so that each may have effect.

But if they cannot be reconciled, then the latest of such provisions found in a will must be given effect upon the supposition that it is the last expression of intention. This, however, is a rule of last resort. Nevertheless, it is invoked by respondents on the supposition that the condicil contains the last expression of intention. Ordinarily that is true of a codicil But here the codicil confirms the will in every respect, except item 2. Therefore the provision of item 9 is expressly confirmed as a part of the will, as republished by the execution of the codicil. Now, if we do as testatrix directed, and write the codicil into the will in lieu of item 2, we shall have the provision of item 9 as the last expression of intention, and so the rule invoked by respondents would militate against the construction for which they contend.

However, if we consider the scheme of disposition of her lands which testatrix had in mind, as disclosed by the will as a whole, the conflict between the provisions of item 2, as revised by the codicil, and item 9 becomes only apparent, and a reasonable construction may be found, under which both provisions may stand.

Reading the will as a whole, it is apparent that the primary intention of testatrix was to give her land and the proceeds thereof to her children. This appears from the form of the devise to each of them, and also from the devise of tract No. 6 to her husband which she gives to him for life, and after his death it is to be sold and the proceeds evenly divided equally amongst her children. Now when she changed item 2, and gave her son, Lecky, $50 as his full share of her estate, and provided for the sale of tract No. 2, and division of the proceeds "equally among my other heirs herein named," she had in mind that child (Lecky) and the division of her estate among her other children. She thought of him as one of her "heirs," not in the technical, but in the popular, sense in which the word is so often used to mean "children;" hence she naturally used the words "other heirs" to refer to her other children. This construction harmonizes and gives effect to all parts of the will, and we think, also, to the intention of the testatrix.

Judgment reversed.