12639

KIRKHAM v. FIRST NATIONAL BANK OF CITY OF NEW
YORK *ET AL.*

(147 S. E., 648)

*Messrs. Lee & Moise,* for appellant,

*Messrs. F. A. McLeod,* and *M. M. Weinberg,* for respondents, cite:

April 10, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The first codicil of the last will and testament of Mary Clark Thompson, deceased, was as follows:

"I hereby give and devise to my niece, Mary Clark Kirkham, 'Cedarhurst' situate in said town, township and State containing sixty (60) acres more or less, and any lands adjoining thereto which hereafter may be acquired by me; the same upon her death to go to her issue, if any, but in case she should die leaving no issue her surviving then the said lands and premises to vest absolutely in my nephew, Myron Clark Williams, or in his heirs or devisees, if he shall not survive the said Mary Clark Kirkham."

There was added to "Cedarhurst" other lands, which increased the total acreage to 383 acres, all of which passed under the devise set forth.

No construction of the language of the clause of the codicil, quoted above, is asked for in this action.

The infant plaintiff, who is unmarried and 19 years of age, by her duly appointed guardian *ad litem,* seeks in this action a sale of the devised lands, and the appointment of a trustee by the Court to hold the proceeds of sale and invest the same under the order and direction of the Court. The defendants are the executors and trustees under the will of the testatrix, Myron Clark Williams, and Emory W. Clark, the proposed purchaser, in their own rights.

Myron Clark Williams, an uncle of Mary Clark Kirkham, has been married for a number of years, but has no child. He is a trustee as to some of the property bequeathed and

devised by the testatrix, but he is not a trustee as to "Cedarhurst."

The executors and trustees have no objection to the sale of the lands, and really, as they allege, have no interest therein. The defendants Williams and Clark are agreeable to the sale on the terms proposed, but Clark·has some doubt as to the title which he may obtain.

The case was referred to the Master for Sumter County, who recommended the sale by the Court on the terms hereinafter referred to. His report was affirmed by Hon. John S. Wilson, Circuit Judge. His decree does not appear in full in the transcript. We gather, however, from what is before us, that he directed a sale of the lands to Emory W. Clark for $5,000, and that the purchase money is to be held by the National Bank of Sumter, as trustee, and is to be invested by the trustee from time to time in such investments as are to be approved by Myron Clark Williams and Emory W. Clark. It does not so appear, but we take it for granted, that the trustee is to furnish proper surety, guaranteeing the performance of the duties of the trust.

Emory W. Clark, the proposed purchaser, has appealed from the decree of the Circuit Court. By his exceptions, he raises two questions: (1) That no reasonable necessity for the sale of the land has been shown; and (2) that the Court cannot give him a fee-simple title to the land, clear of all trusts and limitations, for the reason that the decree of the Court would not be *res adjudicata* or binding upon such persons who may take the property after the falling in of the immediate estate of Mary Clark Kirkham should she die leaving issue, as none of said persons, nor a representative of them, are before the Court in this action. The appellant refers to Miss Kirkham as a life tenant; we are not to be understood as adopting this characterization.

As to the first question: The testimony of several reputable witnesses, some of them entirely disinterested, before the Master sustains the allegations of the complaint, and shows: the plaintiff, a young unmarried

woman, lives in the City of New York. She knows nothing of farming. The large body of land cannot be rented. The income therefrom is not even sufficient to pay the taxes. The land is a burden upon her. No one knows if she will ever have issue. Even if she does, it will be many years before her children would be in position financially to protect their interest in the place by keeping it up properly. Myron Clark Williams, or his children, if he should ever have any, would not be justified in expending money on the place, as they may never have any vested interest therein. The purchase price of $5,000 is all, and perhaps more than, the land is worth. The purchaser, it seems, desires it for hunting preserve, a place for raising game. (In this connection, it may be noted that in a recent issue of a leading newspaper of the State an interesting article as to the plans of the purchaser appeared.)

The appellant cites several cases, but he depends mostly upon the case of *Des Champs v. Mims,* 148 S. C., 52, 145 S. E., 623. In that case we held (quoting the syllabus) as follows:

"Where life tenant, acquiring land under will devising land to testator's living children for life and remainder to their children, sold part of land before birth of remainder-man under sale which purported to extinguish interest of remainderman, and part of proceeds were dissipated in paying life tenant's lien obligations, and life tenant made no improvements on remaining lands, decree affirming report of referee and authorizing sale of property held void, and no protection to purchaser against claim of remainderman born after decree."

We reaffirm the holding quoted. It should be, and is, the purpose of this Court, in situations similar to the one in the *Des Champs case* and to the one in the case at bar, to protect the rights of remaindermen, both vested and contingent, and all persons, in being and unborn, who may at any time have an interest in real estate, according to the terms of wills and deeds. In other words,

as far as possible, this Court proposes to carry out the real intention of testators and grantors, as expressed in their wills and deeds.

In the *Des Champs case,* the life tenant was allowed to dissipate the property. There was nothing done to protect the rights of the children who might be born to him.

We think this case is entirely different from the *Des Champs case.* Under the circumstances, we think there is a reasonable necessity for the sale of the lands. The decree of the Circuit Judge seeks to protect the interests of those who some day may have a claim to the lands, or the money which will stand in lieu thereof.

As to the second question: We think it was answered completely in the case of *Bofil v. Fisher,* 3 Rich. Eq. (24 S. C. Eq.), 1, 55 Am. Dec., 627, which was quoted with approval in *Des Champs v. Mims, supra.* It is impossible in this case to have any person of the class to represent the issue of Mary Clark Kirkham or the children of Myron Clark Williams, as neither of these devisees have any issue at this time.

With the understanding that the trustee, appointed by the lower Court, is to give proper surety for the performance of the trust, with leave to any party to the action to make application to the Court of Common Pleas of Sumter County for proper order therefor, the decree of that Court is affirmed.

Mr. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.