14643

BETTIS v. HARRISON *ET AL.*

(195 S. E., 835)

July, 1937.

Mr. T. B. *Greneker*, for appellant,

Messrs. J. R. *Folk* and *Edwin H. Folk*, for respondent,

March 16, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL.

This is an action brought by William N. Bettis, the life tenant under the provisions of Item 6 of the will of J. F. Bettis, deceased, against certain persons alleged to constitute "the only prospective heirs and next of kin" of said William N. Bettis—that is to say, the only persons *in esse* who would constitute his heirs if he should die at the present time—and also any and all unborn child or children of any and all of the said parties, and also one E. F. Harrison, a prospective purchaser. The suit has been brought for the purpose of selling certain real estate referred to in Item 6 of the said will and of dividing the net proceeds therefrom according to the scheme set forth in the complaint.

The complaint alleges the death of J. F. Bettis on July 23, 1929, leaving a will which has been duly proved in the Probate Court for Edgefield County on July 26, 1929. This will is dated May 16, 1928, and contains the following provision: "Item 6. I will, bequeath and devise the balance of the land that I own on the South side of the Columbia and Augusta Highway, after the twenty (20) acres is cut off to my daughter as described in Item 5 of my will, unto my son, William N. Bettis for and during the term of his natural life, at his death I will, devise and bequeath the same to his heirs fee simple. This land is bounded by Columbia-Augusta Highway and ditch or line that separates it from Pine House Place and Southern Railroad."

Plaintiff further alleges that he is thirty-five years of age and unmarried. He alleges that under the decision in the case of *Cain v. Cain,* 53 S. C., 350, 356, 31 S. E., 278, 69 Am. St. Rep., 863, he is entitled to an undivided one-half interest and estate in the fee-simple value of this land.

He alleges that the income from the property is small, that the land is farm land, and that no one is willing to improve it in the present state of its title, and that it is to the best interest and advantage of all parties interested that it be sold at private sale for $78.75 per acre, and that, after paying costs, taxes, and fees, one-half of the net proceeds should be paid to plaintiff and the other half invested for the remaindermen under the decree and supervision of this Court.

E. F. Harrison filed his answer admitting the allegations of the complaint and asserting his willingness to accept a deed of conveyance in fee simple to the said land at the price and on the terms therein stated, provided the judgment of the Supreme Court of the State will approve the validity of the title.

The record does not disclose any answer of the guardian *ad litem* nor of the other defendants.

The cause was referred to a Master, who found the allegations of the complaint to be true, and recommended that its prayer be granted. The testimony tended to show that the price named is fair, that the land is farm land, that plaintiff is not a farmer, and that under tenant farmers it was depreciating in value, and that it was to the interest of all parties to sell it.

A decree made on motion of plaintiff's attorneys and consented to in writing by M. H. Mims, Esquire, as guardian *ad litem* of the minors and as attorney for all the adult defendants except three, was signed by Hon. C. J. Ramage, Circuit Judge, at chambers on July 28, 1937, in which he confirms the finding of the Master, cites with approval the case of *Cain v. Cain, supra,* and orders that the property be

sold to E. F. Harrison, and that, after paying costs, fees, etc., the net proceeds be paid one-half to plaintiff and the remaining one-half invested under decree of Court, etc.

From this decree E. F. Harrison, the proposed purchaser, alone appeals to this Court. He appeals on the ground that the Court erred in holding that he would obtain a good and marketable title to the land.

While this exception is general in its terms, the importance of the principles of law involved herein is such that this Court should and will go fully into the merits of the case on this appeal.

The exception must be sustained. The scheme of the complaint and the plan of the decree whereby one-half of the proceeds of the sale is to be diverted from the terms of the trust do not meet the approval of this Court. The Court has no power to extinguish a trust in whole or in part. Had the proceeding been brought for change of investment, whereby the rights of the parties interested were to be transferred to the entire fund and the said net fund invested under the administrative protection of the Court, a different question would have been presented. See the long list of cases cited in *Ex parte Darby,* 157 S. C., 434, at page 454, 154 S. E., 632, 639.

Ever since the case of *Bofil v. Fisher,* 3 Rich. Eq., 1, 55 Am. Dec., 627, the right of the Court of equity upon a proper showing to sell trust property for change of investment with all interested parties *in esse* before the Court has been unquestioned. Such a suit will bar unborn contingent remaindermen. The Court by its decree acts on the property and disposes of that, and the purchaser takes a good title to the property sold. The fund arising from such a sale is managed or supervised by the Court in its administrative capacity and the rights of all parties in interest are transferred from the property to the fund. The idea in such cases is that the rights of all parties are preserved by such a proceeding.

This Court approves the provision in the case of ■ *Kirkham v. First National Bank,* 149 S. C., 545, 549, 147 S. E., 648, 649, that where the proceeds of sale are ordered to be turned over to a trustee, or to a life tenant as *quasi*-trustee, for investment, that a bond with proper surety be required for the performance and preservation of the trust.

In the case of *Gaines v. Sullivan,* 117 S. C., 475, 109 S. E., 276, this Court, on appeal, set aside a decree ordering the sale of trust property on the ground that the trust deed provided that a sale should not be made in the lifetime of Mrs. Gaines, because such condition was lawful and should be respected, and unless there was a necessity—which was not shown—the plan of the decree did not meet the approval of the Court and the sale was denied.

As was stated in *Kirkham v. First National Bank,* ■ *supra:* "This court proposes to carry out the real intention of testators and grantors, as expressed in their wills and deeds."

In *Des Champs v. Mims,* 148 S. C., 52, 145 S. E., 623, the Court approves the law as laid down in *Bofil v. Fisher, supra.* It holds that the rights of remaindermen must not be extinguished, but that all rights in property must be transferred to the fund. Finding these conditions absent the Court refused to confirm the order of sale.

In *Cannon v. Cannon,* 135 S. C., 183, 133 S. E., 556, the law in *Bofil v. Fisher* was again affirmed. It was again stated that the Court of equity had jurisdiction to sell the interests of infants and unborn remaindermen; that the Courts should proceed with caution and be satisfied of the necessity or expediency of such sale; that the necessity need not be absolute, a reasonable necessity being sufficient; and that the interests of the remaindermen or the infants are the prime consideration of the sale.

We hold that the decision of the Circuit Court on the ■ question of necessity or expediency of such sale is conclusive unless reversed or modified by the Su-

preme Court. It may not be questioned collaterally on this point, and the purchaser takes a good title when the sale is ordered by the Court with all parties *in esse* properly before it and their rights in the property are transferred to the proceeds of the sale.

But this does not mean that the Court can or will lend itself in any way to the destruction of a trust in whole or in part. It has no such power.

In *Newberry v. Walker,* 162 S. C., 478, 161 S. E., 100, this Court held that a proceeding to sell does not divest the interests of unborn remaindermen unless such proceeding complies with the rules announced in *Bofil v. Fisher; Gaines v. Sullivan,* and *Des Champs v. Mims, supra.* That is to say, the sale must be made to preserve the trust and not to destroy it.

In *Dumas v. Carroll,* 112 S. C., 284, at page 296, 99 S. E., 801; this Court held that it had no power to make or modify deeds or wills made according to law; that the Courts should see to it that the rights of infants or of unborn remaindermen are not injuriously affected; and that it is their duty not to allow parties to alter or destroy trusts; and that the powers of Courts over trusts should be exercised with caution so as to preserve rather than to destroy them. See, also, *Piegler v. Jeffries,* 128 S. C., 254, at page 263, 121 S. E., 783, and cases therein cited.

In *Cagle v. Schaefer,* 115 S. C., 35, at page 44, 104 S. E., 321, the Court on appeal, speaking of the sale ordered by the Circuit Court, states that there is no testimony that the sale is for the benefit of remaindermen or even for the benefit of the life tenant, except to gratify his desire to unfetter the land from the limitations of the will.

Applying these rules to the case now before this Court, we cannot approve the sale ordered by the Circuit Court.

Here is an attempt, by a proceeding in Court, to frustrate the clear intent of the testator, and to give to the plaintiff the fee in one-half of the property or the fund derived there-

from, instead of an interest for life in the whole as provided in the will.

The Circuit Judge, Hon. C. J. Ramage, states in his decree that he relies on the case of *Cain v. Cain,* 53 S. C., 350, 31 S. E., 278, 280, 69 Am. St. Rep., 863.

We feel certain that his Honor, a Judge of ability, must have signed this "consent decree" without having fully considered the true meaning and authority of that case or its applicability to the questions at bar. We feel constrained to repeat the words of this Court in *Simpson v. Doggett,* 159 S. C., 294, at page 299, 156 S. E., 771, 772: "The distinguished Judge did what our Judges have so often done, and in most instances without question, left matters of this nature to the attorneys representing the parties."

We note that the guardian *ad litem* consented to the decree. And we take this occasion to remind the attorneys of this State of the duties of a guardian *ad litem* as those duties are set forth in the case of *Cagle v. Schaefer, supra.*

*Cain v. Cain* was a suit for partition and involved the doctrine of advancements. "A vested remainder," held the Court, "is clearly the subject of an advancement, for, while the possession is *in futuro* such a remainder is a present and fixed interest in the seisin and property." "In this case there is no contingency which might defeat the estate given the children in remainder. Such an estate, being the subject of advancement, is, of course, capable of valuation," etc.

It was a suit for partition and the owners of the fee were before the Court. A just division was being sought by the tenants in common. The question before the Court was, What was the value of a life estate in certain property upon such a division?

This is a far cry from holding in a suit for change of investment of trust property where the interests of minors and of unborn contingent remainders are sought to be barred, and their rights transferred to the fund, that the Court may, as it were, partition the fund and give to the life tenant one-half thereof and thus destroy the intention of the testator

and the rights of such remaindermen in one-half of the trust property or its proceeds. These remaindermen are entitled to their share in the entire property, or the net proceeds of sale thereof, upon the falling in of the life estate. This Court cannot lend itself to such a destruction of the trust as is contemplated by the pleadings and by the circuit decree.

In a case of this nature the consent of the parties is not binding on the Court save as to the rights of the parties consenting. To bar unborn remaindermen, the Court itself in a proper case must pass on the merits and order or refuse the sale in the light of the principles herein enumerated. *Newberry v. Walker, supra.*

In conclusion we quote the following from the opinion in the case of *Des Champs v. Mims,* 148 S. C., 52, 145 S. E., 623, 626:

"We have only to consider the purpose to be accomplished by the life tenant, and the decree of the Court, in the suit instituted by him against the heirs of the testator, in 1914, to be convinced that it is wide of the mark indicated in the *Bofil v. Fisher case.* His purpose is disclosed in the prayer of the complaint:

" 'That plaintiff be allowed to sell 60 acres; that the mortgage indebtedness be paid out of the proceeds of sale, that the remainder of proceeds of sale, after payment of costs, attorney's fees, etc., be turned over to plaintiff to be expended in making improvements upon the remaining portion of the premises.'

"The decree practically follows the prayer of the complaint. Not a word is said in either as to the interest of the unborn child which was then on its way, presumably to the knowledge of the father.

"Under the *Bofil v. Fisher Case,* such a proceeding can be justified only under the circumstances therein stated: The rights of the so-called contingent remainderman must not be extinguished; here they are absolutely so; the rights of such person must be transferred from the land to the fund; here there is not a suggestion that that be done; in fact, the fund

is directed to be dissipated in part by the payment of the life tenant's lien obligations, and the remainder turned over to him after the payment of costs and attorney's fees, to be expended by him in improvements upon the remaining 92 acres; no provision is made for the supervision by the Court, 'in its administrative department,' of the fund arising from the sale; the fund, on the contrary, was directed to be applied to the debts of the life tenant, with which the remainderman was not concerned, and no check placed upon the life tenant's disposition of the remainder for improvements which resulted in his failure to make any improvements and his wasting of the entire fund.

"We think that * * * the decree of his Honor, Judge Wilson, was without authority of law, absolutely void, and furnishes no shield to the purchaser against the claim of the remainderman."

It is, therefore, the judgment of this Court that the circuit decree herein be, and the same is hereby, reversed, and that the complaint herein be dismissed with costs against plaintiff, without prejudice to the rights of the plaintiff, should he be so advised, to bring a proper suit for the sale of the said property for change of investment, making parties thereto all persons *in esse* who would constitute the heirs at law of William N. Bettis at the time of suit as if he had then died, and to make a proper showing to the Court of the necessity or expediency of such sale, and of the advantage thereof to the parties interested under the terms of the said will; and with suitable provision for the protection of the resulting fund.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.