17605

PEOPLES NATIONAL BANK, Greenville, S. C., as Executor and Trustee under the Will of Gertrude H. Matthews, deceased, Petitioner, Anne Martin BARLOW et al., Respondents, of whom Peoples National Bank et al., Greenville are Appellants on appeal and Anne Martin Barlow et al. are Respondents on appeal.

(112 S. E. (2d) 396)

*Messrs. W. W. Wilkins* and *Love, Thornton & Arnold,* of Greenville, *for Appellants,*

490

*Messrs. Haynesworth, Perry, Bryant, Marion & Johnstone* and *Wyche, Burgess & Wyche,* of Greenville, and *Grantham & Robinson,* of Easley, *for Respondents,*

January 14, 1960.

STUKES, Chief Justice.

This action was brought by the executor and trustee for the construction of the will of Mrs. Gertrude H. Matthews, of Easley, who died in 1957, leaving of force her will dated February 7, 1951. She was an aged, childless widow and bequeathed the bulk of her considerable personal estate to the trustee for the benefit of nephews and nieces and grand-nephews and grandnieces.

The will directed, in substance, that the trust estate be divided into fifteen equal parts, with preceding life estates as to some of them, and that the respective shares of the corpus be paid to the minor beneficiaries as they attain the age of twenty-one years, they meanwhile receiving the income. The will recited that two of the beneficiaries were already twenty-one and that their portions and, quoting from the will, "'as well as that given to any other beneficiary outright who shall have attained the age of twenty-one (21) years at the time of my death, shall be paid over directly by the executor or trustee without additional compensation to the trustee for receiving and paying said funds." Several additional beneficiaries have now also attained the age of twenty-one.

The controversy revolves around the second clause of item IV. 2, (h) of the will, which follows:

"If any of the above-named beneficiaries should predecease me, his or her share shall be equally divided among the surviving beneficiaries; if any child or children should be born at any time hereafter to George C. Hagood, Elizabeth

Hagood Spearman, or Kathryn H. Blakey, such child or children shall take a share of the income and corpus equal to the share of each of the other beneficiaries in the same manner as if said child or children had been named herein." The designated persons are a nephew and nieces of the testatrix, of about middle age or beyond, and their existing children are named beneficiaries of the trust.

Upon petition the court appointed a prominent and competent member of the bar as guardian *ad litem* of any possible unborn children of George C. Hagood, Elizabeth Hagood Spearman and/or Kathryn H. Blakey. He appeared, answered and prosecuted this appeal with vigor, skill and learning.

The trial court held that it was the intention of the testatrix to include after-born children of the named persons who should be born before the effective date of the will, *i. e.,* the date of the death of the testatrix; in other words, that the testatrix meant by the expression "at any time hereafter" any time after the execution of the will and before her death, when the will should become effective. It was concluded that contrary construction, to include possible children born to the named persons after the death of the testatrix, which was contended for by the guardian *ad litem,* would be in conflict with the very clearly expressed intention with reference to the beneficiaries who were already twenty-one, whom she named, and others who should be twenty-one at her death, that they should receive their fractional shares immediately; and also in conflict with the provision that the others should receive their shares as they reach the age of twenty-one years, respectively, all "freed and discharged of all trusts," which are the words of the will. Moreover, sub-item (h) of the will, quoted above, refers to the death of a beneficiary during the life of the testatrix and immediately thereafter, separated only by a semicolon, to the birth of children "at any time hereafter", which indicates that the testatrix intended "hereafter" to mean until her death. These other provisions of the will, certainly taken together, are con-

-vincing of the testamentary intention which has been found. *Albergotti v. Summers,* 205 S. C. 179, 31 S. E. (2d) 129.

The foregoing construction, which was adopted by the lower court, brings into harmony all of the pertinent provisions of the will; and we agree with, and affirm, it. Otherwise the trust fund could not be distributed, or certainly all of it, until the deaths of the above-named persons (*Dobson v. Smith,* 213 S. C. 15, 48 S. E. (2d) 607) which would be in violation of the expressed intention thereabout of the testatrix, and frustrate the plan of the will.

When a will contains apparently conflicting provisions, they must be reconciled if it can be done by any reasonable construction which comports with the intent which appears from consideration of the will as a whole, as the construction which is adopted here does. *Burriss v. Burriss,* 104 S. C. 441, 89 S. E. 405; *Burton v. Burton,* 113 S. C. 227, 102 S. E. 282; *Wates v. Fairfield Forest Products Co.,* 210 S. C. 319, 42 S. E. (2d) 529; *Peecksen v. Peecksen,* 211 S. C. 543, 34 S. E. (2d) 787; *Shevlin v. Colony Lutheran Church,* 227 S. C. 598, 88 S. E. (2d) 674.

By his appeal the guardian *ad litem* also questions the power and jurisdiction of the court to adjudicate the rights, here the nonexistence of rights, of unborn who are not represented by one (as a party to the action) of the class to which they belong. Here such form of representation is, of course, impossible. *Kirkham v. First Nat. Bank, infra,* 149 S. C. 545, 147 S. E. 648; *Newberry v. Walker, infra,* 162 S. C. 478, 161 S. E. 100. By the appointment of a competent guardian *ad litem* who has performed his duty with fidelity and zeal, as said above, all has been done that could have been done to provide and insure representation of the possible unborn whose rights, under a different construction of the will, would be affected. It is not suggested how the class of unborn could have been more effectively represented were it a class of possible claimants of which one was in being and made a party to the action as a representative of the

class. This point of appellant appears to be concluded by the recent case of *Caine v. Griffin, infra*, 232 S. C. 562, 103 S. E. (2d) 37, where one of the contentions on appeal was that the rights of the unborn children of one Parie Lee Green could not be adjudicated in the absence of a child *in esse*. It was held to the contrary upon the authority of our former decisions and of *Gunnell v. Palmer*, 370 Ill. 206, 18 N. E. (2d) 202, 204, 120 A. L. R. 871, from which latter the following was quoted:

"The issue here, is whether the county court had jurisdiction of the unborn descendants in the proceeding to sell real estate to pay debts when, at that time, there was no statute authorizing the court to make parties not in being defendants to a suit or to bind them by his order. In the absence of statutory authority, did the county court have jurisdiction of the unborn descendants under the doctrine of representation, or is that doctrine so limited as not to apply to persons not in being unless living members of the same class, with identical interests as the persons not in being, are made defendants? We do not think the doctrine is so limited. This court has held, in chancery cases, that the doctrine of representation must have the flexibility born of convenience and necessity, and that if the interests of unborn contingent remaindermen are sufficiently represented so they can be protected by the court, the prerequisites for application of the doctrine are satisfied."

From *Bofil v. Fisher*, 1850, 3 Rich. Eq. 1, 55 Am. Dec. 627, to *Caine v. Griffin, supra*, 1958, 232 S. C. 562, 103 S. E. (2d) 37, the courts of equity of this State have acted upon the property interests of the unborn. It is true that the most of the cases involved the sale of property and the substitution of a fund or other property for it. (Some cases have permitted the property to be mortgaged, e. g., *McDavid v. McDavid*, 187 S. C. 127, 197 S. E. 204, 116 A. L. R. 1412.) But if the title or interest of an unborn may be ascertained and disposed of, which cannot now be gainsaid, it logically

follows that it can be adjudicated, after due inquiry, that the unborn has no interest, which is the case here.

There are other authorities which sanction the practice now questioned. See annotation following the *Gunnell case,* *supra,* 120 A. L. R. 876. The following is from Restatement of the Law of Property, Vol. II:

"Sec. 182. A judicial proceeding has binding effect as against the future interest limited in favor of a person who was unborn at the time of the commencement of such proceeding when * * *

"(b) Such person was duly represented by a guardian ad litem appointed to protect the interests limited in favor of unborn persons."

As elaborated in the comment (page 734) the stated rule contemplates statutory authorization for the appointment of the guardian *ad litem;* and the author, the American Law Institute, takes no position as to whether the general power of equity includes the power to appoint apart from statute. We think that it does, as was done in *Caine v. Griffin, supra,* supported by *Gunnell v. Palmer, supra.* There would be no difference in the efficacy of the representation by the guardian *ad litem* on that account, whether he be appointed pursuant to statute or under the powers of the court of equity.

In our cases of *Des Champs v. Mims,* 148 S. C. 52, 145 S. E. 623, and *Newberry v. Walker, supra,* 162 S. C. 478, 161 S. E. 100, which are cited by appellant, the apparently "friendly" forerunner proceedings (in which it was attempted to divest interests of unborn) (1) were conducted without appointment of guardians *ad litem* of the unborn remaindermen and (2) the unborn if later there were such (as there was in the *Des Champs case*) were entitled to remainder interests in the property under the wills involved. These differences, (1) and (2), distinguish those cases from that in hand and the instant decision does not impinge upon the authority of them, which is to the effect that the forerunner proceedings were void as to the unborn.

It is noted that in the *Newberry case* (162 S. C. at page 491, 161 S. E. at page 104) the court held, without representation of the unborn by guardian, that they, quoting, "can never be held to have acquired any legal title to the lands"; however, their interests, if any thereafter, were protected by the ensuing holding that they would have interests in the proceeds of the sale of the land by the trustee under the will. This was an adjudication of the rights of the unrepresented unborn. We are holding here that the unborn have no interest in the trust fund, but only after appointment of a competent guardian *ad litem* who has vigorously contested the issue.

*Kirkham v. First Nat. Bank, supra,* 149 S. C. 545, 147 S. E. 648, 649, involved the sale and substitution for property in which possible unborn had contingent interests. They were not represented by guardian or by a representative of the class. The sale and substitution of property was approved and the court said: "It is impossible in this case to have any person of the class to represent the issue of Mary Clark Kirkham or the children of Myron Clark Williams, as neither of these devisees have any issue at this time." Corresponding impossibility exists in the case in hand; but here there has been representation by guardian *ad litem.*

There is no question of the validity of the will which has been construed in this action, but suppose it had been attacked by the heirs at law of the testatrix for defective execution or some other legal infirmity. The unborn, contended to be beneficiaries of the will, would be bound by the judgment of the court admitting or refusing probate of the will in solemn form, although unrepresented except by the executor. *Thompson v. Anderson,* 208 S. C. 208, 37 S. E. (2d) 581; ·*Campbell v. Hughes,* 69 Misc. 433, 126 N. Y. S. 147. This is of persuasive influence in the conclusion which we have reached.

From our review of the authorities we are of the opinion that in all proceedings such as this which might affect the interests of unborn they should be

represented by a member of their class of possible claimants as a party, if *in esse* (*Moseley v. Hankinson,* 22 S. C. 323), or by a duly appointed, competent and diligent guardian, as in the case in hand. To pronounce judgment upon the possible interests of the unborn is a delicate power of the court which ought to be exercised with utmost circumspection and after careful examination of the law and of the facts of the particular case at hand.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.