21004

B. D. DOYLE, Carl Doyle, Joe D. Doyle, Jr., Paul Doyle and William C. Doyle, Respondents, v. Glen Mishoe DOYLE and Odell Dorman, Executor of the Estate of Joe D. Doyle, Sr., Defendants, of whom Odell Dorman is also a Respondent, and Glen Mishoe Doyle is Appellant.

(256 S. E. (2d) 862)

*J. Reuben Long,* Conway, *for appellant.*

*W. T. Johnson, Jr.,* Conway, *for respondents.*

July 16, 1979.

LEWIS, Chief Justice:

This action involves the construction of the will of Joe D. Doyle, Sr., who died on Ocotber 21, 1976, survived by his widow, the appellant, and his five (5) sons, the respondents. His estate consisted of 55 acres of land in Horry County valued at $31,000; checking and savings accounts in the amount of $7,471.40; and a 1963 Ford valued at $150.00. The will was evidently prepared by a layman, the pertinent portions of which (preserving the punctuation and incorrect spelling) are as follows:

Item No. 1, I, commit my soul to the gracious God who gave it and direct that my body shall be decently buried and that all my funeral expenses shall be paid from the first monies from my estate. Item No. 2, I, will and direct that my executor hereinafter named shall pay all my just and legal debts from the first monies comeing into their hands. Item No. 3, I, will, devise, and bequeth unto my wife Glen Mishoe Doyle the full rights and priveliges to own and opperate as she sees fit any land that I, may own on date of death, also any cash on hand in banks or otherwise may be used to pay any just debts caused by illness or any other emergency condition but may not not be desbursed to any other person except as provided below.

Item No. 4, I, will, devise, and bequeth unto my five boys named as follows: . . . all the cash on hand any and all land and any other property except the household furniture to have share and share alike. and in case any of them wishes to sell they must offer to each other before they may offer to sell to any one else. Any one of them may buy or sell to each other as they see fit.

The lower court construed the foregoing provisions of the will as devising (1) a life estate in the real property to the appellant-widow, with remainder to the respondents, the five sons; (2) all of the cash to respondents "absolutely and

in fee simple"; and (3) the household items and furniture to the appellant.

Appellant does not challenge the finding of the lower court that the will devised a life estate in the land to appellant with the remainder interest to the respondents. The sole issue presented in this appeal is whether the trial judge erred in holding that the cash, remaining after the payment of testator's debts, was devised to respondents; or whether, as contended by appellant, all cash was devised for the use of the appellant to pay any of her debts "caused by illness or any other emergency" occurring during her lifetime.

It is well settled that the primary purpose in the construction of a will is to ascertain the testator's intentions and effectuate them so long as they do not contravene settled rules of law or public policy.

It is equally well settled that when a will contains apparently conflicting positions, these positions must be reconciled, if possible, by any reasonable construction comporting with the testator's intent which appears from consideration of the will as a whole. *Peoples National Bank v. Barlow,* 235 S. C. 488, 112 S. E. (2d) 396.

Item 3 of the will devises to appellant "the full rights and privileges to own and operate as she sees fit any land that I [testator] may own on date of death, *also* any cash on hand in banks or otherwise may be used to pay any just debts caused by illness or any other emergency condition." (Emphasis added.) We construe these provisions as indicating an intent of the testator to make available for the use of his wife not only any land that he might own but *also* the use of any of his cash to pay debts incurred because of her "illness or any other emergency condition." While the language used does not specifically say that the illness or other emergency condition refers to the wife, such is reasonably inferable. Certainly, it could not refer to such debts of the testator, since provision had already been made in items 1 and 2 for the payment of his debts. The direction as to the use of the cash is separated from the prior devise of the use of

the land to the wife by a comma and is preceded by the word *also*. "Also" means "in addition" or "besides", and indicates something additional. American Heritage Dictionary. Therefore, the use by the wife of the cash was *in addition* to the use of the land. Any other construction would render the language referring to the use of the cash meaningless.

Item 3 properly construed, devises to the wife, not only the use of the land but in addition the use of the cash to pay any debt caused by her illness or any other emergency condition occurring to her during her lifetime.

The effect of the devise in Item 4 of "all the cash on hand" to the sons (respondents) is simply to give to them any cash remaining at the death of appellant, just as other provisions of this Item were agreeably construed to convey the remainder only in the real property to respondents and not the fee.

Accordingly, so much of the order under appeal which construes the will as devising the cash to respondents absolutely is reversed, and the cause remanded for settlement of the estate in accordance with the holdings herein.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.