FRANCES DEAL v. ROBERT G. SEXTON.

(Filed 12 March, 1907).

1. **Estates—Vested—Child en Ventre sa Mere.**—Upon the death of the father seized of lands, his wife then being *enciente*, the inheritance will immediately vest in the child *en ventre sa mere*.

2. **Purchaser—Rights—Child en Ventre sa Mere.**—The vendee of a purchaser, both for value, of land at sale under proceedings for partition, regularly had by all living parties in interest, takes subject to the vested inheritance of a child *en ventre sa mere* at the time of the sale, not a party to the proceedings by guardian, irrespective of any question of knowledge or information of the purchaser or his vendee.

3. **Lands — Partition Sale — Parties — Class Representation.** — The mother and the only living children cannot represent as a class the unborn child *en ventre sa mere* in partition proceedings of the lands of which the father died seized, so as to pass the inheritance of the unborn child to the purchaser, their interests being conflicting and not mutual.

ACTION to recover a third interest in certain lands, heard upon facts agreed at December Term, 1906, of MARTIN Superior Court, *Long, J.,* presiding. From the judgment rendered, defendant appeals.

*Ward & Grimes* for plaintiff.
*H. W. Stubbs* for defendant.

BROWN, J. It appears from the case agreed that F. B. Wilson died intestate in 1881, seized in fee of the land in controversy. At the time of his death his wife was *enciente,* and within four months thereafter, on 22 December, 1881, the plaintiff, Frances, was born. On 22 October, 1881, two months before plaintiff was born, the widow, Deborah, and two daughters, Carrie L. and Maude L. Wilson (the only children then born), filed petition for partition and procured the lands of the intestate to be sold and the proceeds divided between them. W. E. Sexton became the purchaser,

who conveyed to defendant for full value. The plaintiff was not made party to the proceedings by appointment of a guardian *ad litem* or otherwise, either before or after her birth, and has received no part of the proceeds of sale. She now seeks to recover her portion of the inheritance.

The question presented upon this appeal is important and perplexing because of the fact that the defendant is a purchaser for value, and because of the great difficulty in purchasers at such judicial sales protecting themselves, having no knowledge of the existence of an unborn child in its mother's womb. If we hold, as we must, that the inheritance vested immediately in the plaintiff while *en ventre sa mere,* upon the death of the father, the conclusion must follow that such inheritance ought not to be divested and the child's estate destroyed by judicial proceedings to which it was in no form or manner a party, and for which not even a guardian *ad litem* was appointed. It may be that our civil procedure is defective in not providing for such contingencies, but that is no reason why the vested estate of the unborn child *in esse* should be taken from it. The general rule in this country and the acknowledged rule of the English law is that posthumous children inherit in all cases in like manner as if they were born in the lifetime of the intestate and had survived him, and for all the beneficial purposes of heirship a child *en ventre sa mere* is considered absolutely born. This has been the recognized law of this State since *Hill v. Moore,* 5 N. C., 233, decided in 1809, down to *Campbell v. Everhard,* 139 N. C., 503, decided in 1905. It is also recognized generally by the text-writers and judicial decisions in other States. Kent's Com. (13 Ed.), Vol. IV, p. 413; Washburn on Real Property (5 Ed.), Vol. III, p. 16; Tiedman on Real Property, sec. 673; 14 Cyc., 39, where the decisions are collected.

DEAL v. SEXTON.

The statute law of this State treats the unborn child in its mother's womb with the same consideration as if born. By the 7th Canon of Descent, Revisal, p. 1556, a child born within ten lunar months after the death of the ancestor inherits equally with the other children. By section 1582 an infant unborn, but *in esse,* is rendered capable of taking, by deed or other writing, any estate whatever in the same manner as if he were born. *Campbell v. Everhard, supra.* From most remote times the common law of England regarded such child as capable of inheriting direct from the ancestor as much so as if born. *Doe v. Lancashire,* 5 T. R., 49; *Thelluson v. Woodford,* 4 Vesey, Jun., 227; *Harper v. Marshal,* 43 Am. Dec., 474, where all the cases are collected.

The old writ of *de ventre inspiciendo* was devised by the courts for the purpose of examining the widow, and was granted in a case where a widow, whose husband had lands in fee, marries again soon after his death and declares herself pregnant by her first husband and under that pretext withholds the land from the next heir. Such writ commanded the Sheriff or sergeant to summon a jury of twelve men and as many women, by whom the female is to be examined *"tractari per ubera et ventrem."* 1 Black. Com., 456; Viner's Ab., Vol. XXI, p. 548. Of course, no such unseemly proceeding would be tolerated in this age; but the General Assembly could easily protect the unborn child as well as the innocent purchaser by prohibiting the sale of land for partition until twelve months after the intestate's death.

The question as to the status of the purchaser was considered by the Supreme Court of Kentucky in the case of *Masne v. Hiatt's executors,* 82 Ky., 314, in which it is held: 1. A child born within ten months of the death of the intestate is entitled to a share in his estate, as if born and in being at the time of intestate's death. 2. The Court had

jurisdiction to sell the land on the petition of the guardian of the two other children; but the sale affected only their rights. The right of the unborn child could not in anywise be affected. 3. Having an interest in the land, she could not be deprived of it by any proceeding to which she was not a party, and may recover such interest from a remote vendee of the purchaser at the judicial sale.

The Supreme Court of Illinois reaches the same conclusion and says that a person must have an opportunity of being heard before a court can deprive him of his rights, and that an unborn child, not having been made a party, can recover from those claiming his title, as his rights are not cut off by the decree. *Bolsford v. O'Connor,* 57 Ill., 72.

The case of *Giles v. Solomon* in New York, 10 Abb. Pr. Rep., N. S., 97, note, is very much in point. In that case a bill to foreclose a mortgage executed by the deceased father was filed in January, 1841. A daughter was born to his widow in April, 1841, two days after foreclosure decree was entered. The daughter, not being a party to the foreclosure proceedings, brought her action in 1866 to redeem. The Court held she was not barred by the decree of 1841, and permitted her to redeem her one-seventh by paying one-seventh of the mortgage and interest, and charged the purchaser with back rents.

In South Carolina at one time the courts declined to proceed with a suit to partition the property of the ancestor until twelve months after his death, so as to avoid the possibility of entering judgment which might conflict with the rights of an unborn child. As there was no statute on the subject, the courts of South Carolina discontinued this practice for some reason, and then held that a child *en ventre sa mere* must be regarded as a person in being who could not be bound

by a judgment in partition to which he was not a party. *Pearson v. Coulton,* 18 S. C., 47.

It is true that Judge Freeman, in his elaborate note to *Carter v. White,* 101 Am. St. Rep., 869-870, repudiates this doctrine and says: "It is believed, however, that the rule cannot prevail and that such a child must be regarded as not in being for the purpose of the suit and as being represented by the parties before the Court," etc.  The authority cited by the learned annotator is the opinion of the Supreme Court of the United States in *Knotts v. Stearns,* 91 U. S., 638, which seems to sustain him.  The fallacy in the position seems to us to be in supposing that the living children can represent the unborn child.  It is not a case of class representation.  The interests are conflicting and not mutual.  It is to the interest of the living heirs to make the division as short as possible, and therefore to keep out the heir who has not yet made his appearance.  The cases of *Ex parte Dodd,* 62 N. C., 97, and many similar cases to *Springs v. Scott,* 132 N. C., 548, have no application here, as the object of a partition proceeding is to dissever the interests of the parties, and there is no class representation about it.  The tenant in common who is not made a party personally or by guardian *ad litem,* or in some legal way, is not bound by it.

In the forcible language of counsel for plaintiff in their brief, "If the Court could take what the law said was hers and sell and convey to another without her even having knowledge of it, or representation, our boasted 'process of law' doctrine is iridescent—a constitutional hallucination."

Affirmed.