SIMEON B. BELL, JR., *Appellee*, v. ELNORA WATKINS et al. (GRACE A. BELL et al., *Appellants*).

No. 18,402.

### SYLLABUS BY THE COURT.

REFORMATION OF DEED—*Quieting Title—Res Judicata—Rights of Unborn Children.* A deed was executed purporting to convey a life estate to the grantor's son, with a remainder to the son's heirs. Later an action was brought by the grantor to reform the deed so that it should vest an absolute title in his son. The son, his wife, and his only child were made parties, being duly served, and a decree was rendered as asked. Thereafter the son brought an action to quiet title against his wife and child. A judgment was rendered declaring him to be the owner in fee simple, and reciting that any of his children thereafter born would have no interest in the property. The defendant appealed. *Held*, that the recital concerning the unborn children is without effect as an adjudication, but no error was committed against the appellants.

Appeal from Johnson district court; JABEZ Q. RAN-KIN, judge. Opinion filed October 11, 1913. Affirmed.

*S. D. Scott,* of Olathe, for the appellants.

*John T. Little,* and *C. B. Little,* both of Olathe, for· the appellee.

The opinion of the court was delivered by

MASON, J.: In 1896 Simeon B. Bell executed and de-livered to his son, Simeon B. Bell, jr., a deed which pur-ported to convey a life estate, the property at the death of the son to go to his heirs, he having no power to en-cumber or dispose of it. In 1911 an action was brought· by the father to have the deed reformed, on account of a mistake of the scrivener, so that it would vest an ab-·solute title in his son. The son, his wife, Grace A. Bell, and their minor child, Kenneth G. Bell, were made· parties and were duly served. A decree was rendered as prayed for in the petition.

In 1912 Simeon B. Bell, jr., brought an action to quiet his title to the property, making his wife and son defendants. They each answered, claiming, by vir-·tue of the original deed, to be owners of the property, subject to a life estate in the plaintiff. The court ren-·dered judgment for the plaintiff on the ground that the· defendants were concluded by the decree reforming· the deed. The defendants appeal.

The argument is made in behalf of the appellants that· any children of Simeon B. Bell, jr., who may hereafter· be born will be beneficiaries under the original deed, and that their rights can not be affected by the decree· changing its terms. If this were true, no advantage· could result to the appellants. They were parties to· the first action. They are as effectively bound by the decree in that case as they could be by the one from. which they now appeal. The minority of Kenneth C. Bell does not affect the force of the judgment against, him.

The judgment rendered in the present case contains a recital that no person hereafter born will have any interest in the land by virtue of the original deed from Simeon B. Bell to his son. We are asked to determine the correctness of this part of the judgment. A question of the rights of the unborn heirs of Simeon B. Bell, jr., can not, however, be adjudicated in this proceeding.

There is abundant authority for the proposition that the judgment reforming the deed, if it was the result of adversary litigation carried on in good faith, is conclusive upon the unborn heirs of Simeon B. Bell, jr., upon the theory that they were represented by Kenneth C. Bell, whose interests were the same as theirs. (Note, 8 L. R. A., n. s., 49, 56, 66; Note, 2 A. & E. Ann. Cas. 790; see, also, Note, 97 Am. St. Rep. 762; 24 A. & E. Encycl. of L. 759; 23 Cyc. 1245.) Whether such heirs would be precluded from attacking the judgment on the ground that it was collusive is at least doubtful. Many cases in which it is broadly stated that the estoppel is absolute probably proceed upon the tacit assumption that the proceedings were free from collusion. But often the statement of the conclusive effect of a judgment against persons who were in court only by representation is expressly qualified by a proviso against bad faith. (24 A. & E. Encycl. of L. 758; 1 Freeman on Judgments, 4th ed., § 172; *Mathews v. Lightner,* 85 Minn. 333, 88 N. W. 992, 89 Am. St. Rep. 558; *Tonnele v. Wetmore,* 195 N. Y. 436, 445, 88 N. E. 1068, 1071; *County of Los Angeles v. Winans,* 13 Cal. App. 234, 248, 109 Pac. 640, 647; Note, 40 L. R. A., n. s., 698, 749.)

The question suggested can not be effectively decided here, because no party to the present proceeding has rights in common with the unborn heirs. Every claim on the part of Grace A. Bell and Kenneth G. Bell has been cut off by the earlier judgment. They can not

attack the decree reforming the deed in their own right, and so of course they can not do so in behalf of the children not yet born.

For these reasons we regard the recitals of the judgment concerning the unborn heirs as lacking the force of an adjudication, but as no error has been committed against the appellants the judgment is affirmed.