794

HURT et al. v. GILMER et al.
No. 4912.

Court of Appeals of District of Columbia.
Argued March 5, 1930.
Decided April 7, 1930.

D. T. Wright and T. M. Wampler, both of Washington, D. C., for appellants.

Arthur Peter, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decree dismissing a bill of complaint for failure to state a case in equity.

It appears from the allegations of the bill that on May 25, 1925, John W. Craddock, as grantor, duly executed and delivered to the Washington Loan & Trust Company, as trustee, a certain declaration of trust, whereby the grantor assigned, transferred, and· delivered unto the trustee certain certificates of corporate stock therein specified, in trust that the trustee should take charge of, manage, control, invest, and reinvest the same, and pay the net income therefrom unto Fannie P. Patton (now Fannie P. Hurt, appellant herein), for and during her natural life, providing also that at the expiration of ten years there-after the trustee should pay to her annually out of the corpus of the trust fund an amount equal to 5 per cent. of the value thereof, and upon a further trust prescribed in the instrument in the following terms, to wit:

"In further trust, upon the death of the said Fannie P. Patton, trustee shall reduce the corpus of said trust fund, or so much thereof as may then be in its custody, to cash and distribute such cash proceeds equally among Rita Gilmer, who is now residing at Lynchburg, Virginia, Mabel G. Egan, who is now residing at Lynchburg, Virginia, Helen Patton Manwarring, who is now residing at Bridgeport, Connecticut, and who are sisters of the said Fannie P. Patton, or the survivors of them, unless any of the said three sisters of the said Fannie P. Patton, should be then dead, leaving children surviving, in which· event such surviving children shall be entitled to the share thereof to which the deceased parent would have been entitled if then living. * * *"

The declaration also provided that none of the beneficiaries should have the right to anticipate, mortgage, pledge, sell, or assign, or in any way dispose of or incumber the income or the corpus of the trust fund therein created, and that neither the income nor principal should be liable for any indebtedness of such beneficiaries. The instrument was duly signed and sealed by the grantor and the trustee, and contained the statement that the acceptance of the trust by the trustee was part consideration therefor.

It appears that after the delivery of the declaration of trust to the trustee, the grantor, John W. Craddock, and the beneficiaries specified by name in the instrument, to wit, Rita Gilmer, Mabelle C. Egan, and Helen P. Manwarring, all of whom were of full age, mutually consented and agreed with each other that the trust should be abrogated, rescinded, and set aside, and that the corpus of the estate created thereby, together with any and all property acquired by the trustee through reinvestment of the trust funds and other accretions thereto, should be .assigned, transferred, and delivered by the trustee to said Fannie P. Hurt, discharged of the trust, to be her property "absolutely in fee simple forever." In execution of this agreement all of the beneficiaries mentioned by name in the instrument, other than Fannie P. Hurt, delivered to the latter a deed of conveyance for any and all interest which they might have under the declaration of trust in the corpus of the trust estate. The beneficiaries notified the trustee of their agreement and demanded

that the trustee should assign, transfer, and deliver the corpus of the trust estate to Fannie P. Hurt in accordance therewith, which demand was refused by the trustee and is still refused. The appellants then instituted the present case, praying in the bill of complaint that the court should set aside the declaration of trust and should order and decree that the trustee transfer and deliver over unto Fannie P. Hurt all of the estate held by it thereunder.

The trustee filed a motion to dismiss the bill of complaint upon the ground that it sought without right the termination of the trust in derogation of the contingent interests of the born and unborn children of the sisters of Fannie P. Hurt, it being the contention of the trustee that under the terms of the declaration the grantor had granted a valid contingent remainder to such children as survived the death of Fannie P. Hurt, but whose parents had predeceased her.

The court sustained the motion and dismissed the bill, whereupon the present appeal was taken.

In our opinion the ruling of the lower court was right. The trustee, by accepting the trust, became obligated to each beneficiary who acquired under its terms an interest or estate, whether vested or contingent in the trust property. This classification included Fannie P. Hurt, who was granted a vested life estate in the property; and her three sisters, who were granted a contingent estate in remainder conditioned upon their surviving her; and also the born and unborn children of the sisters of Fannie P. Hurt who predeceased her leaving children living at the time of her decease. The identity of such children as might ultimately take under the trust, like that of the surviving sisters who similarly might take thereunder, could not be known until the death of Fannie P. Hurt, but that fact did not prevent the vesting of such interest upon the happening of the contingencies upon which they were made to depend. It follows that John W. Craddock, the grantor, and Fannie P. Hurt and her three sisters, not being the only cestuis que trust, were not empowered to terminate the trust and discharge the trustee from the obligations thereof. The trustee consequently was justified in refusing to deliver over the trust property to them.

This conclusion is fully sustained by the authorities. In Wenzel v. Powder et al., 100 Md. 36, 59 A. 194, 108 Am. St. Rep. 380, the Supreme Court of Maryland passed upon a similar question. Property was conveyed to a trustee with directions to apply the income to the support and maintenance of the grantor and his wife and children, and, after the death of the grantor and his wife, the principal to become the property of their children, the issue of any deceased child to take its parents' share. After the death of the grantor leaving two daughters, his wife conveyed to them her interest in the property. A judgment creditor of one of the daughters then filed a creditor's bill to have the trust declared at an end, and to subject the corpus of the trust property to the payment of his judgment. It was held by the court that the trust was not terminated, since there was a contingent limitation over to the children of the daughters who may come into being during the life of the grantor's widow, should either of the daughters die leaving issue during the life of the widow.

In 26 R. C. L. 1211, it is said: "A trust cannot be terminated by the beneficiaries in esse, so long as there is a possibility of other beneficiaries coming into existence."

Where lands are conveyed in trust for the benefit of third parties and their children (yet unborn), such trust cannot be revoked or annulled, though the trustee and all the beneficiaries who are in being unite in reconveying the lands to the donor free of the trust. Isham v. D., L. & W. Railroad Co., 11 N. J. Eq. 227.

Where a testator devises his estate in trust, directing the payment of the interest to his daughter for life, and on her death the division of the fund equally among the daughter's children who shall then be living, the assignee of the daughter and her children cannot require the distribution of the fund during the daughter's life, on the ground that any new beneficiaries may hold the parties who have received the fund and compel restitution. Godfrey v. Roberts, 65 N. J. Eq. 323, 55 A. 353.

See Brown v. Owsley, Trustee, 198 Ky. 344, 248 S. W. 889; Hunt v. Lawton, 76 Cal. App. 655, 245 P. 803; In re Jones' Trust Estate, 284 Pa. 90, 130 A. 314; Brandenburg v. Thorndike, 139 Mass. 102, 28 N. E. 575; 2 Perry on Trusts (Sixth Ed.) pp. 1496 et seq.; 39 Cyc. 100.

We have examined the authorities cited by appellants in support of their contention and do not find them applicable to the present issue.

The decree appealed from is affirmed, with costs.