161 A.2d 432 (1960)
Luella K. CAUFFIEL, Beatrice Cauffiel Blank, T. Coleman Cauffiel, DeWitt T. Cauffiel, and Daniel W. Cauffiel, Plaintiffs,
v.
Luella K. CAUFFIEL, Beatrice Cauffiel Blank, T. Coleman Cauffiel, DeWitt T. Cauffiel, Daniel W. Cauffiel, Hazel Cauffiel Lickle, William Cauffiel, Lickle, Sidney Cauffiel Lickle, Garrison duPont Lickle, Daniel Cauffiel Lickle, LeDee Carpenter Lickle, DeWitt Cauffiel Lickle, Joan Cauffiel DeLong, Clarke L. DeLong, Jr., Betty Jane Cauffiel Hedin, Kristina Hedin, Janet Cauffiel Beauchamp, Theodore M. Beauchamp, III, William Beauchamp, Geraldine Cauffiel Lingo, Charles Dale Lingo, III, Donald C. Lingo, and Geraldine Lingo, Defendants.
Court of Chancery of Delaware, New Castle.
April 19, 1960.
Clair J. Killoran and E.D. Griffenberg, Jr., of Killoran & VanBrunt, Wilmington, for plaintiffs.
Edmund N. Carpenter, II, of Richards, Layton & Finger, Wilmington, for defendants, Hazel C. Lickle, William C. Lickle and Daniel C. Lickle.
Henry R. Horsey of Berl, Potter & Anderson, Wilmington, Guardian Ad Litem for Clarke L. DeLong, Jr., Kristina Hedin, Charles D. Lingo, III, Donald C. Lingo, Geraldine Lingo, Theodore M. Beauchamp, III, William Beauchamp, Sidney C. Lickle, Garrison duPont Lickle, LeDee C. Lickle and DeWitt C. Lickle.
Geraldine C. Lingo, pro se.
SEITZ, Chancellor.
The five plaintiffs have life estates by deed in four parcels of real property in Union Park Gardens, Wilmington, Delaware. *433 The parties entitled to the future interest in these properties cannot be ascertained at the present time because each deed provides that after the death of the life tenant the premises are demised to the "surviving lawful issue" of the life tenant "and the heirs and assigns of such lawful issue forever". At present none of the petitioners have lawful issue which can survive them. The deeds provide that if the life tenants die without issue title vests in Daniel Cauffiel, his heirs and assigns forever. Daniel's surviving heirs are the five petitioners plus the deceased Charles D. Cauffiel and Hazel C. Lickle. Charles' widow, children and grandchildren and Hazel, her husband and sons are also defendants.
Petitioners seek authority to have the properties sold and the proceeds held subject to the same trusts. Such relief is requested because of the alleged decline in the rents and condition of the properties to the point where the income does not cover the maintenance and other necessary expenses.
This court agreed to rule, preliminarily, whether it had jurisdiction. The attorney for the life tenants contends that this court has jurisdiction under its historical equity powers. The guardian ad litem for certain minor defendants and for the unborn possible lawful issue and the unborn possible heirs or next of kin of certain defendants by pleading questioned this court's jurisdiction. However, by his letter to the court he now agrees that this court has jurisdiction to sell this property, including the future interests involved, if a reasonable showing of the necessity for such a sale is made. The attorney for certain other defendants takes a neutral position on the jurisdictional question. Another defendant, Mrs. Geraldine C. Lingo, who is unrepresented, must be assumed to have challenged this court's jurisdiction.
The court is satisfied that it has jurisdiction here under its historical equity powers if a showing of reasonable necessity is made. See 4 Simes and Smith, Law of Future Interests, §§ 1940-44. My conclusion is based upon the lack of an adequate remedy at law, the existence of the interests of infant and possible unborn issue and the need to prevent the frustration of the grantor's intent through deterioration of the realty.
The court concludes that it has jurisdiction to entertain this petition and to grant relief if the appropriate showing is made. All parties will be given an opportunity to attend the hearing and offer evidence on the issue as to whether the sale of the properties is reasonably necessary.
Present order on notice.