374 So.2d 586 (1979)
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, and Ana Gispert, Superintendent, Broward Correctional Institution, Appellants,
v.
Terry J. MOORE, Appellee.
No. 79-578.
District Court of Appeal of Florida, Fourth District.
August 8, 1979.
*587 Jim Smith, Atty. Gen., and Gary L. Conover, Asst. Atty. Gen., Tallahassee, for appellant.
Jacquelyn E. Steinberg, of Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellee.
BERANEK, Judge.
This is an appeal from a non-final order enjoining appellant from "depriving the plaintiff of her right to the care, custody and control of her new-born child." This interlocutory appeal is considered pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
Plaintiff filed a complaint alleging that she was an inmate incarcerated at the Broward Correctional Institution in Fort Lauderdale, Florida. She alleged that she was pregnant and would shortly give birth to a child. She sought an injunction against the Florida Department of Corrections and the local prison officials based on Florida Statute Section 944.24 (1977). Plaintiff seeks to keep her new-born child with her in the prison for the first eighteen months of the child's life. Florida Statute Section 944.24 (1977) provides as follows:
Administration of corrections institutions for women. 
(1) All regularly employed assistants, officers, and employees whose duties bring them into contact with the inmates of the institution shall be women as far as practicable.
(2) If any woman received by or committed to said institution shall give birth to a child while an inmate of said institution, such child may be retained in the said institution until it reaches the age of 18 months, at which time the Department of Offender Rehabilitation may arrange for its care elsewhere; and provided further, that at its discretion, in exceptional cases, the department may retain such child for a longer period of time.
(3) Any woman inmate who gives birth to a child during her term of imprisonment may be temporarily taken to a hospital outside the prison for the purpose of childbirth, and the charge for the hospital and medical care shall be charged against the funds allocated to the institution. The department shall provide for the care of any child so born and shall pay for their care until suitably placed.
The trial court found that this statute gave plaintiff, the expectant mother, the sole discretion to decide that her child would remain with her in the prison for at least eighteen months. The court did not appoint a guardian ad litem to represent the interest of the child notwithstanding a request to do so and no findings whatsoever were made regarding the best interests of the child in accordance with In Re Interest of Camm, 294 So.2d 318 (Fla. 1974); In Re Pendarvis, 133 So.2d 424 (Fla. 1st DCA 1961); and Padilla v. Catholic Service Bureau, Inc., 315 So.2d 485 (Fla. 3d DCA 1975). The trial court simply found that the above cited statute gave plaintiff the exclusive and apparently the irrefutable right to decide that her child would remain with her in prison for the first eighteen months of the child's life. We reverse.
We construe the statute and find same to be a grant of authority to the Department of Offender Rehabilitation to retain a new-born child in the institution during the first eighteen months of its life and longer in exceptional circumstances. The statute does not grant to the mother the sole and exclusive prerogative of making the decision regarding the child. In so holding the trial court erred.
It is well established in this State that in any proceeding involving child custody the paramount and controlling consideration is the best interest and welfare of *588 the child. In Re Interest of Camm, supra. This principle applies to all situations and should have governed in the instant case. In the Camm decision, the Florida Supreme Court stated as follows:
While Florida courts have recognized the "God-given right" of parents to the care, custody and companionship of their children, it has been held repeatedly that the right is not absolute but is subject to the overriding principle that it is the ultimate welfare or best interest of the child which must prevail.
Although evidence was presented regarding the welfare of the child, the trial court made no finding in this regard. Indeed, the effect of the trial court's order and its construction of Section 944.24, Florida Statutes (1977), was to give the plaintiff more rights than are possessed by a normal (not incarcerated) citizen of this State.
In addition, Florida Rule of Civil Procedure 1.210(b) states in pertinent part: "The Court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." The court below denied the appellant's motion for appointment of a guardian ad litem without prejudice to raise it at an appropriate time. Apparently the court was of the opinion that since the child was not yet born it was inappropriate to appoint a guardian ad litem. Under the particular facts and circumstances here, since the birth was imminent, and since the court was determining custody and placement of the child for eighteen months, a guardian ad litem should have been appointed to protect the interest of the child. Although at the time of considering the matter on a preliminary injunction basis the child was unborn, it was perfectly obvious that the court was dealing with placement of the child after its birth. See, Hatch v. Riggs National Bank, 284 F. Supp. 396 (D.D.C.,1968), wherein the court appointed a guardian ad litem to protect the rights of an unborn child. The complaint alleged that the birth of the child was expected in early March and the order in question was entered on March 2, 1979. The court erred in failing to appoint a guardian ad litem for the child.
In conclusion we hold that Section 944.24, Florida Statutes (1977), does not give to the mother of a child born in prison an absolute right to determine where the child will be for the first eighteen months of its life. We further hold that the statute does not vest exclusive authority regarding placement of the child with the Department of Corrections. The statute is actually silent as to who; the mother or the Department, has the right to make this decision. Since the statute is silent on the subject, the rights of all interested parties; the child, the mother, the prison officials, in an appropriate case the father, and the State of Florida, must be considered all in light of the welfare of the child which remains the guiding principle. The order of the trial court, is therefore, reversed and the matter remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS, J., concurs.
DAUKSCH, JAMES C., Jr., Associate Judge, dissents with opinion.
JAMES C. DAUKSCH, Jr., Associate Judge, dissenting:
I respectfully dissent. This case comes to us after the prisoner-expectant mother (now mother) obtained a court order enjoining the appellants from taking her child from her before the child had lived with her for its first eighteen months. Although I do not really disagree with the result the majority seeks to reach I do not think we have the authority to dictate in such a legislative manner how we would have these matters resolved.
There are many other statutes dealing with the welfare of children which an interested party could utilize to ensure the welfare of this child if a question arises. Under those statutes guardians ad litem can be appointed, adversary hearings held and proper factual determinations made based upon evidence produced in court. I think the trial judge recognized these alternatives *589 and properly limited himself to the question at hand and we should do the same.
There was a hearing in this case where evidence was presented. The superintendent of the Broward Correctional Institution and the chief correctional officer of that institution testified the environment was too dangerous for the presence of an infant and that the infant could easily be used as a hostage by some desperate escapee. The trial judge considered that testimony and other testimony and rendered his decision that the statute "is clear, a mother who gives birth to a child while an inmate may retain her child for eighteen months." The trial judge did not rule this statute gave the mother the sole discretion to decide that her child would remain with her in the prison for the first eighteen months.
The temporary injunction was issued after a factual determination was made by the trial judge after an evidentiary hearing. If the state, which has an interest in the welfare of all children, deems it advisable to have further proceedings there are ways to have those further proceedings, not the least of which is to apply to this same judge because that temporary injunction is to "remain in full force and effect until further order of this Court."